Rock Group NY Corp. v Certain Underwriters at Lloyd's, London (2024 NY Slip Op 02030)

Rock Group NY Corp. v Certain Underwriters at Lloyd's, London

2024 NY Slip Op 02030

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Singh, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 653310/21 Appeal No. 2074 Case No. 2023-03145 

[*1]Rock Group NY Corp., Plaintiff-Appellant,
v
Certain Underwriters at Lloyd's, London, etc., Defendant-Respondent, New M&M Group, Inc., Defendant.

Melito & Adolfsen P.C., New York (Michael F. Panayotou of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Craig L. Rokuson of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about May 8, 2023, which denied plaintiff Rock Group NY Corp.'s (Rock Group) motion for partial summary judgment declaring that Certain Underwriters at Lloyd's, London Subscribing to Policy Nos. 10268L160104 and 10268L160105 (Underwriters) owes a duty to defend Rock Group as to two underlying Labor Law actions, and granted Underwriters' cross-motion for summary judgment declaring that Underwriters need not defend or indemnify plaintiff in the underlying actions and dismissing the complaint, unanimously affirmed, without costs.
"The duty to defend does not attach where, as a matter of law, there is no basis on which the insurer may be held liable for indemnification" (see Zurich Am. Ins. Co. v ACE Am. Ins. Co., 165 AD3d 558, 558 [1st Dept 2018]). The commercial general liability coverage provided by Underwriters included an "Aircraft, Auto or Watercraft" exclusion, which excluded, as relevant here, coverage for bodily injury arising from "loading and unloading" property from a vehicle.
Supreme Court properly found that the policy's auto exclusion applies here. The underlying claimant was injured while unloading an iron beam from a flatbed truck. As the claimant was handing the beam to his coworker above him, the beam slipped from his coworker's hands and landed on him, causing him to fall on top of the truck. This undisputed testimony was sufficient to establish that "the general nature of the operation of unloading" led to the injuries sustained by the underlying claimant, and thus the Underwriters policy's auto exclusion applied (id. at 559; see Transel El. & Elec., Inc. v First Specialty Ins. Co., 214 AD3d 547, 548 [1st Dept 2023]).
We have considered Rock Group's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024